```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARCOS ORTEGA-CAZUN,

    Petitioner,

v.                               Case No: 2:17-cv-293-FtM-99CM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

    Respondents.

_____

## **ORDER OF DISMISSAL**

On May 30, 2017, Petitioner Marcos Ortega-Cazun ("Petitioner"), a prisoner of the Florida Department of Corrections, applied under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1). Petitioner, proceeding *pro se*, challenged the validity of his state convictions for lewd and lascivious molestation and attempted lewd and lascivious molestation. Id. at 1. Rule 4 of the Rules Governing Section 2254 Cases, requires the district court to conduct both a preliminary review of the application for the writ of habeas corpus and summarily dismiss the petition "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court[.]" For the reasons given in this Order, Petitioner's 28 U.S.C. § 2254 petition is **DISMISSED.**

## Analysis

The Court's preliminary review of Petitioner's amended § 2254 petition indicated that the application was untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] See Day v. McDonough, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); Jackson v. Sec'y, Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus). Specifically, the Court concluded that Petitioner's judgment became final, and started the one-year AEDPA limitations period, no later than March 25, 2008 — ninety days after Petitioner voluntarily dismissed his direct appeal in state court (Doc. 5 at 3) (recognizing that courts both within out outside the Eleventh Circuit have reached different conclusions on whether a petitioner who voluntarily dismissed his appeal is entitled to the 90-day

---

[1] The AEDPA creates a one-year limitation period for a § 2254 application for the writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d)(1)(A) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" Additionally, under § 2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

period to petition for a writ of certiorari in the Supreme Court of the United States). Petitioner did not list any tolling post-conviction motions in state court in his petition. Nor did he assert entitlement to a later starting date for the limitations period or to statutory or equitable tolling. In fact, when asked to address the timeliness of his petition on page 14 of the petition, Petitioner did not do so. Rather, he asserted that the "the timeliness statute of the AEDPA is a total ruse. It's designed to bar state prisoners from habeas corpus litigation under a pretext, which is fundamentally unfair." (Doc. 1 at 14-15).

As a result of the Court's preliminary review, to avoid dismissal of his petition, Petitioner was ordered to show: (1) that the Court's determination of untimeliness was incorrect; (2) that he was entitled to a delayed start of the limitation under 28 U.S.C. § 2244(d)(1); (3) that he was entitled to statutory or equitable tolling; <u>or</u> (4) that he is actually innocent (Doc. 5 at 4). Petitioner was cautioned that his failure to respond would result in the dismissal of his petition without further notice (Doc. 5).[2]

As of the date on this Order, Petitioner has neither responded to the Court's order to show cause, nor has he asked for an

---

[2] Although this Court may raise timeliness *sua sponte*, "before acting on its own initiative [to dismiss a § 2254 petition], a court must accord the parties fair notice and an opportunity to present their positions." <u>Day</u>, 547 U.S. at 210.

extension of time to do so.  Accordingly, for the reasons set forth in this Order and in the June 12, 2017 Order to Show Cause (Doc. 5), the petition is dismissed as untimely under the AEDPA.  Alternatively, the petition is dismissed because of Petitioner's failure to respond to the Court's Order to Show Cause.  See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

### **Certificate of Appealability**[3]

Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or

---

[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.  As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The petition for writ of habeas corpus filed by Marcos Ortega-Cazun is **DISMISSED WITH PREJUDICE** as time-barred. Alternatively, the petition is dismissed for failure to prosecute.

2. Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   1st   day of August, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record