UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCOS ORTEGA CAZUN,

    Petitioner,

v.                             Case No:  2:17-cv-293-JES-NPM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

    Respondents.
_____/

## ORDER OF DISMISSAL

This matter comes before the Court upon a petition for habeas corpus relief filed under 28 U.S.C. § 2254 by Marcos Ortega-Cazun ("Petitioner"), a prisoner of the Florida Department of Corrections. (Doc. 1, filed May 30, 2017). Petitioner attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court for lewd and lascivious molestation and battery. (Id.) Respondents ask this Court to dismiss the petition as untimely filed. (Doc. 27). Although provided an opportunity to do so (Doc. 28), Petitioner did not reply to the response. However, prior to ordering a response, the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely. (Doc. 5). Petitioner provided his reasons for the untimely filing in his response to the order to show cause. (Doc. 19).

Petitioner raises four claims in his petition. The Court cannot reach the merits of the claims because, as explained below,

the pleadings, exhibits, and attachments before the Court establish that the petition must be dismissed as untimely.

### I. Background and Procedural History

On March 14, 2007, the State of Florida charged Petitioner by amended information with one count of lewd and lascivious molestation (count one) and one count of attempted lewd or lascivious molestation (count two). (Doc. 27-2 at 2). A jury found Petitioner guilty as charged on count one and guilty of the lesser-included offense of battery on count two. (Id. at 5). The court sentenced Petitioner to twenty years in prison and ten years of sex offender probation on count one and to time served on count two. (Id. at 30-50). Petitioner filed a timely appeal, but voluntarily dismissed it on December 31, 2007. (Doc. 27-2 at 57); Ortega-Cazun v. State, 969 So. 2d 1031 (Fla. 2d DCA 2007).

On January 30, 2008, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion"). (Doc. 27-2 at 59-144). The postconviction court entered a final order denying relief on June 15, 2010. (Doc. 27-3 at 12-14). Petitioner filed a notice of appeal on July 12, 2010 (id. at 16), but the appellate court dismissed the appeal on February 23, 2011 because of Petitioner's failure to file an appellate brief. (Id. at 19, 21).

While Petitioner's Rule 3.850 Motion was pending, he filed a Motion to Correct an Illegal Sentence under Rule 3.800(a) of the

2

Florida Rules of Criminal Procedure ("Rule 3.800(a) Motion"). (Doc. 27-3 at 23). The trial court denied the Rule 3.800(a) Motion on July 28, 2011 (Id. at 42), and Petitioner did not appeal.

On August 9, 2013, Petitioner filed a second Rule 3.850 Motion (Doc. 27-3 at 45-55), but the postconviction court denied it as untimely and successive. (Id. at 57-59).

On September 4, 2014, Petitioner filed a second Rule 3.800(a) Motion. (Doc. 27-3 at 140-48). The postconviction court determined that Petitioner had not received an illegal sentence and was not entitled to relief. (Id. at 152). The postconviction court also determined that Petitioner's Order of Probation mentioned the Jessica Lunsford Act, which did not apply to his case. Therefore, the court concluded that it would "issue a corrected order of sex offender probation which removes any mention of the [Jessica Lunsford Act] from the written order of probation." (Id.) The court ordered no other amendments to the judgment. (Id. at 155).

Petitioner signed the instant petition on May 17, 2017.[1] (Doc. 1).

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II. Analysis

### a. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state-court judgment. This period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in sections 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date Petitioner's

4

conviction became final.  28 U.S.C. § 2244(d)(1)(A).

### b. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Petitioner voluntarily dismissed the direct appeal of his conviction on December 31, 2007. (Doc. 27-2 at 57). Therefore, his conviction became final on March 31, 2008, ninety days after the voluntary dismissal. See Chapman v. McNeil, No. 3:08cv5/LAC/EMT, 2008 WL 2225659, at *3 (N.D. Fla. May 28, 2008) (recognizing that most courts in the Eleventh Circuit have concluded that a state conviction becomes final ninety days after the state appellate court grants the defendant's motion for voluntary dismissal of the appeal).

Petitioner's motion was filed in this Court on May 19, 2017, more than nine years after his conviction became final. Therefore, it was filed 2971 days late unless tolling principles apply to render it timely.

### c. Petitioner's habeas corpus petition is not subject to statutory tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

On January 30, 2008 (before his conviction became final), Petitioner filed his first Rule 3.850 Motion. (Doc. 27-2 at 59).

5

The postconviction court denied the Rule 3.850 Motion on June 14, 2010, and there was no properly filed appeal.

During the pendency of the Rule 3.850 Motion, Petitioner filed his first Rule 3.800(a) Motion. The Rule 3.800(a) Motion was denied on July 28, 2011, and Petitioner did not appeal. Allowing thirty days for Petitioner to appeal the denial of the Rule 3.800(a) Motion, the AEDPA clock began running on August 29, 2011, and Petitioner had through August 29, 2012 to file his federal habeas petition.

Petitioner did not file anything else in state court for 711 days when he filed his second Rule 3.850 Motion on August 9, 2013. This motion did not toll the AEDPA statute of limitation for two reasons. First, it was filed after his one-year AEDPA limitations period had already expired. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (recognizing that a state court petition that is filed after the expiration of the federal limitations period cannot toll that period because there is no remaining period to be tolled) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Next, because it was rejected as untimely, the motion was not "properly filed" and could not toll the statute of limitations under section 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [postconviction motion] as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under

6

§ 2244(d)(2).").

Likewise, Petitioner's September 4, 2014 Rule 3.800(a) Motion did not restart the AEDPA clock. Not only was it filed after the limitations period had expired, see Tinker, 255 F.3d at 1333, the only change to Petitioner's judgment was the correction of a clerical error that did not alter his sentence. See Vaughan v. Sec'y, Fla. Dep't of Corr., 770 F. App'x 554, 556 (11th Cir. 2019) (recognizing that an order merely correcting a clerical error in a petitioner's judgment of conviction did not restart the AEDPA's one-year limitation period "because [the petitioner] remained in custody pursuant to the original judgment and his term of imprisonment was not altered by the amendment").

### d. Petitioner's habeas corpus petition is not subject to equitable tolling

The United States Supreme Court has recognized that a petitioner is entitled to equitable tolling if he can show that: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance stood in his way to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005).

Petitioner concedes that his claims are time-barred, but asserts that he is entitled to equitable tolling because he is

actually innocent of the crimes for which he was convicted. (Doc. 19 at 2-3). He also argues that the AEDPA time limit is illegal and unfair as applied to habeas petitioners. (Id.)

In McQuiggin v. Perkins, the Supreme Court held that a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations. 569 U.S. 383, 386 (2013). However, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. The McQuiggin Court "stress[ed] . . . that the Schlup standard is demanding" and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 569 U.S. at 401 (quoting Schlup, 513 U.S. at 316).

Here, Petitioner appears to allege that there was no evidence presented at trial to conclude that the victim suffered genital injury. (Doc. 19 at 2). Petitioner does not present any new

8

evidence showing that he is actually innocent of the crimes for which he was convicted. See Schlup, 513 U.S. at 324. Accordingly, the McQuiggin actual innocence exception cannot operate to excuse Petitioner's failure to timely file his federal habeas petition.

As to Petitioner's complaints about bias or unfairness to habeas petitioners from the Court's application of the AEDPA limitations period (Doc. 19 at 2; Doc. 1 at 13-14), the Court is not free to ignore the laws or binding legal precedent established by supervisory appellate courts in favor of what Petitioner believes to be a better course of action. Jefferson County v. Acker, 210 F.3d 1317, 1320 (11th Cir. 2000) ("Where a Supreme Court decision that has not been overruled is squarely on point and therefore 'directly controls' the case at hand, we are to follow it even though convinced that the Court will overturn that decision the next time it addresses the issue.")

Because Petitioner does not establish a proper basis for the application of equitable tolling under the McQuiggin actual innocence exception or otherwise the petition must be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability[2]

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citations omitted).

Petitioner has not made the requisite showing here and is denied a Certificate of Appealability. Because Petitioner is denied a certificate of appealability, he may not appeal in forma pauperis.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The petition for writ of habeas corpus filed by Marcos Ortega-Cazun is **DISMISSED WITH PREJUDICE** as time-barred.

---

[2] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, requires the "district court [to] issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.

      2.    Petitioner is **DENIED** a certificate of appealability.

      3.    The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida on March 2, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record